**MAYER·BROWN**

Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel +1 202 263 3000
Main Fax +1 202 263 3300
www.mayerbrown.com

September 30, 2015

**Dan Himmelfarb**
Direct Tel +1 202 263 3035
Direct Fax +1 202 762 4267
dhimmelfarb@mayerbrown.com

BY ELECTRONIC FILING

Catherine O'Hagan Wolfe, Clerk
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York  10007

Re:   *Cindy S. Brown v. Lockheed Martin Corp.*,
      No. 14-4083-cv (to be argued Oct. 8, 2015)

Dear Ms. Wolfe:

   Defendant-appellee Lockheed Martin Corporation respectfully submits this response to the Rule 28(j) letter submitted by plaintiff-appellant Brown earlier today.

   Brown's cases provide at most limited support for her position.  For example:

- In *Bush v. Price Reit, Inc.*, 2015 Conn. Super. LEXIS 1595, at *2 (June 18, 2015), "the defendant d[id] not challenge the court's jurisdiction."

- In *Matter of B&M Kingstone, LLC v. Mega International Commercial Bank Co., Ltd.*, 2015 N.Y. App. Div. LEXIS 6345, at *15 (Aug. 11, 2015), the court required only that a third party "fully respond to an information subpoena."

- In *Grubb v. Day to Day Logistics, Inc.*, 2015 U.S. Dist. LEXIS 86543, at *16 (S.D. Ohio July 2, 2015), the court acknowledged (but did not follow) decisions of "the Fourth, Fifth, and Eleventh Circuits *** declin[ing] *** to find jurisdiction over a corporate defendant based solely on its registration *** in that state."

- In *Hull v. Stevens Transport, Inc.*, 2015 U.S. Dist. LEXIS 69545, at *3-*4 (E.D. Mo. May 29, 2015), the court deemed itself "bound by [pre-*Daimler*] Eighth Circuit precedent" and so did not "follow the reasoning of other Circuit[s]."

- In *Hudson v. International Paper Co.*, 2015 Del. Super. LEXIS 423 (Aug. 25, 2015), the court followed certain Delaware district court decisions but expressed "appreciat[ion]" of the "argument that, post-*Daimler*, the concept of consenting to a state's jurisdiction by registering to do business within that state—and nothing else—m[ust] be scrutinized for compliance with due process requirements."

Mayer Brown LLP operates in combination with other Mayer Brown entities (the "Mayer Brown Practices"), which have offices in North America, Europe and Asia and are associated with Tauil & Chequer Advogados, a Brazilian law partnership.

Mayer Brown LLP

Catherine O'Hagan Wolfe, Clerk
September 30, 2015
Page 2

  Insofar as Brown's cases do support her position, they were wrongly decided. The whole point of *Daimler* is that general jurisdiction over a company ordinarily exists in at most two states. Adopting Brown's position would mean that a plaintiff may nevertheless sue a company in virtually *any* state, on any claim arising anywhere in the world, on the theory that the company "consented" to jurisdiction—in the constitutional sense—by complying with the state's law requiring it to register before doing business. If that is right, then "consent" has no meaning and *Daimler* was not a landmark decision but a pointless exercise.

                Sincerely,

                /s/ Dan Himmelfarb
                Dan Himmelfarb

Attachments

cc: Counsel of record (by electronic service)

I hereby certify that the body of this letter is 350 words and therefore complies with the 350-word limit in Fed. R. App. P. 28(j).

                /s/ Dan Himmelfarb
                Dan Himmelfarb

I hereby certify that, on September 30, 2015, I electronically filed the foregoing using the Court's CM/ECF system, which will serve copies on all parties or their counsel of record.

                /s/ Dan Himmelfarb
                Dan Himmelfarb